UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WISTON JONATAN REYES ARTICA,

        Petitioner,

        v.

WARDEN OF THE GOLDEN STATE ANNEX, *et al*.,

        Respondents.

Case No.  1:26-cv-04164 (AMO)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

This habeas action concerns the detention of Petitioner Wiston Jonatan Reyes Artica, a noncitizen who has lived in the United States for over four years. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner was re-detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus. *See* Dkt. No. 10 at 5. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus.

I.      **BACKGROUND**

Petitioner is a citizen of Nicaragua who entered the United States near the Eagle Pass, Texas Border Patrol Station on or around March 16, 2022. *Id*. Petitioner was subsequently served with a notice to appear, charging him with inadmissibility under INA § 212(a)(6)(A)(i) indicating that a hearing date and time would be set at a later date. *Id*. at 10. He was then released from custody into the United States. Dkt. No. 1 ¶ 23. Following his release, Petitioner has applied for work authorization with USCIS, which was granted on July 14, 2025. Dkt. No. 10 at 6. He has also kept a clean criminal record. *Id*. at 7. Neither Respondents nor Petitioner have explained whether Petitioner was released on an order of supervision, parole, or released on his own

recognizance when he was first encountered and detained by immigration authorities on March 16, 2022.

Petitioner was re-detained by Immigrations and Customs Enforcement ("ICE") on April 30, 2026 during a traffic stop in which ICE was searching for a different person. *Id*. at 5

. He has not been ordered removed by an immigration judge, and neither party has indicated when his next hearing before an immigration judge will be.

**II.    DISCUSSION**

Petitioner filed this habeas petition on June 1, 2026 arguing that his prolonged detention without a finding that he is a flight risk or danger to the community violates due process. *See* Dkt. No. 1 ¶¶ 46–49. Respondents sole argument in response is that Petitioner is an "'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1226(b)(2)." Dkt. No. 10 at 1.[1]

Respondents' argument has been widely rejected across this circuit, and indeed, throughout the United States. "[F]or the reasons set forth in numerous district court decisions in the past few months, § 1225(b)(2) does not apply to persons like Petitioner who were previously taken into custody and then released (such as under parole or supervised release)." *Bautista Villanueva v. Bondi*, No. 25-CV-4152-ABA, 2026 WL 100595, at *1 (D. Md. Jan. 14, 2026) (collecting cases); *see also Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *7 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025). Given Respondents' failure to articulate a lawful basis for Petitioner's detention, the Court next turns to his due process claim.

Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D.

---

[1] On June 29, 2025, Petitioner filed a "Request for Immediate Ruling", Dkt. No. 12, which is denied as moot.  Moreover, the Court reminds counsel that "requests" not contemplated by the Federal Rules of Civil Procedure are inappropriate and unhelpful.

United States District Court
Eastern District of California

Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Though neither party has specified exactly what Petitioner's custody status was between the time of his release on March 16, 2022 to the date of his detention on April 30, 2026, both parties indicate Petitioner was *released* by ICE. *See* Dkt. 10 at 5 ("On March 16, 2022, CBP apprehended subject at or near the Eagle Pass, TX, Border Patrol Station."); Dkt. 11 at 2. Given that Petitioner was released into the interior of the United States—and the fact that Respondents have only argued that 8 U.S.C. § 1225(b)(2) controls his detention—the court need not determine precisely what statute applies here because Petitioner has a protected liberty interest in his continued freedom. *See Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026) (noting that the court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (same). "[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-CV-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey*, 408 U.S. at 482).

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over four years. In the intervening years he has developed ties in his community working and supporting his family. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. And Respondents have not argued that Petitioner is dangerous or would be a flight risk. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

## III.   CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED.  IT IS HEREBY ORDERED that:

1.      Respondents immediately release Petitioner Wiston Jonatan Reyes Artica from their custody.

4

2.      Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.      If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter where the Government bears the burden of establishing by clear and convincing evidence that Petitioner is a flight risk or danger to the community.

4.      The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: June 30, 2026

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

United States District Court
Eastern District of California

5